United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIANJUN XIE ET AL., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>OAKLAND UNIFIED SCHOOL DISTRICT ET AL., <br><br>　　　　Defendants. _____/ | No. C 12-02950 CRB <br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE** |

Parent plaintiffs ("Plaintiffs") sued *pro se* on their own behalf, and on behalf of their six-year-old daughter ("H.X."), defendant Oakland Unified School District ("District") and co-defendant Teresa Drenick ("Drenick"), an Alameda County Deputy District Attorney. Plaintiffs allege that District teachers subjected H.X. to racial and ethnic discrimination while she was enrolled at Franklin Elementary School ("Franklin") by bullying, intimidating, insulting, falsely accusing, and injuring H.X. Additionally, Plaintiffs allege that the District retaliated against H.X. by forcing her to transfer schools and to be homeschooled.

Plaintiffs also allege that Drenick, in her capacity as Deputy District Attorney, "falsely, willfully and maliciously subjected [them] to prosecution on the false accusation of truancy" of their daughter H.X. based on a report from the School Attendance Review Board ("SARB"), which allegedly consists of false materials that Drenick knew to be false. The Defendants move to dismiss, arguing that all of Plaintiffs' claims fail for one or more of the

following reasons: (1) lack of standing, (2) various immunities, (3) lack of a private right of action, and (4) failure to state a claim.

The Court GRANTS both Defendants' Motions to Dismiss, with leave to amend. The Court also GRANTS the District's Motion to Strike punitive damages, and Plaintiffs may not re-plead punitive damages against the District.

## I. BACKGROUND

H.X. was enrolled in the District during the 2011-2012 school year. Plaintiffs allege that District teachers subjected H.X. to racial and ethnic discrimination by bullying, intimidating, insulting, falsely accusing, and injuring H.X. Compl. ¶ 6. Plaintiffs further allege that, after complaining about the teachers' misconduct to Franklin Principal Jeannette MacDonald, the District retaliated by forcing H.X. to transfer out of Franklin to Cleveland Elementary School ("Cleveland") and, later, by forcing Plaintiffs to homeschool H.X. Id. ¶¶ 7-9.

Plaintiffs further claim that H.X. was subjected to sexual assault, battery, and harassment by three male classmates while at Cleveland. Id. ¶ 9. Additionally, H.X.'s Cleveland teacher allegedly took H.X.'s books from her backpack and berated her in front of the classroom by claiming H.X. had stolen the books. Id. ¶ 9. The same teacher is also alleged to have insulted H.X. and failed to address Plaintiffs' reports about bullying and sexual assault by the three male students. Id. ¶ 9.

Lastly, Plaintiffs claim that they filed a complaint against the District and several staff members to the Alameda County District Attorney and was allegedly ignored. Id. ¶ 15. Plaintiffs allege that Drenick conspired with the District by "maintaining false actions" tied to H.X.'s truancy record and by denying Plaintiffs their (unspecified) rights. Id. ¶ 28. Plaintiffs allege that Drenick misspelled Plaintiffs' names on the initial complaint to trick Plaintiffs into missing court proceedings, id. ¶ 18; conveyed false and misleading information, id. ¶¶ 21-22; and committed "kidnapping and child abduction" of H.X. by "threaten[ing] the Plaintiffs with imprisonment," id. ¶¶ 25, 28. Plaintiffs further allege that,

2

in prosecuting the truancy action, Drenick "willfully" discriminated against them under color of state law. Id. ¶¶ 26, 28, 29.

Plaintiffs bring the following causes of action against the District premised on those facts: (I) discrimination and retaliation, (II) false imprisonment, (III) assault and battery, (V) kidnapping and child abduction, (VI) discrimination under color of law, (VII) perjury and subordination of perjury, (VIII) false information and hoax, (IX(a)) harassment, (X) oppression, fraud, and malice, (XI) defamation, (XII) intentional infliction of emotional distress, and (XIII) conspiracy. Id. ¶¶ 34-79.

Plaintiffs also bring the following causes of action against Drenick: (III) assault and battery, (IV) extortion, (V) kidnapping and child abduction, (VI) discrimination under color of law, (VII) perjury and subordination of perjury, (VIII) false information and hoax, (IX(a)) harassment, (IX(b)) interference of academic freedom, (X) oppression, fraud, and malice, (XI) defamation, (XII) intentional infliction of emotional distress, and (XIII) conspiracy. Id. ¶¶ 39-79. Plaintiffs request injunctive relief to prevent further harassment; compensatory damages for costs and expenses associated with allegedly false actions brought against the Plaintiffs; lost earnings; emotional and physical distress, humiliation, mental anguish, and reliance damages; and punitive damages. Id. ¶¶ 80-82.

## II. LEGAL STANDARD

### A. Standards Governing 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its

3

1  judicial experience and common sense." Id. at 679. Allegations of material fact are taken as
2  true and construed in the light most favorable to the non-moving party. Cahill v. Liberty Mut.
3  Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

4      A complaint should not be dismissed without leave to amend unless it is clear that the
5  claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th
6  Cir. 2007).

### B. Standards Governing 12(b)(1) Motion to Dismiss

    Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. Though the defendant makes the motion, the plaintiff bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

    A Rule 12(b)(1) jurisdictional attack may be facial or factual. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. In resolving a facial attack, a motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. See, e.g., Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

### C. Standards Governing Article III Standing

    Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Article III standing is a threshold requirement for federal court jurisdiction that warrants analysis separate from the merits of the claim. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992); Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). Because standing implicates a federal court's subject matter jurisdiction, Defendants may raise challenges to standing on a 12(b)(1) motion to dismiss. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

4

Under Article III, the party seeking standing must show that it has "(1) suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982). The Supreme Court refined its definition of a qualifying injury in fact as one that is "distinct and palpable, as opposed to merely abstract . . . not conjectural or hypothetical." Whitmore v. Arkansas, 495 U.S. 149, 155 (1990) (internal quotations omitted). The burden is on the party invoking federal jurisdiction to establish these elements. Lujan, 504 U.S. at 561.

### D. Standards Governing 12(f) Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure states a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "When considering a motion to strike, a court must view the pleadings in the light most favorable to the non-moving party." Collins v. GameStop Corp., No. C10-1210-TEH, 2010 WL 3077671, at *2 (N.D. Cal. Aug. 6, 2010). A court must deny a motion to strike if there is any doubt whether the allegations in the pleadings might be relevant to the action. In re 2TheMart.com, Inc. Sec. Litig.,114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

## III. DISCUSSION

All of the claims against the Defendants fail for one or several of the following reasons: (1) Plaintiffs lack standing to bring claims on behalf of their minor daughter; (2) the Defendants are entitled to immunity; (3) Plaintiffs failed to properly file a governmental tort claim against Defendants for their state law claims; (4) Plaintiffs allege various causes of action without a civil remedy; and (5) Plaintiffs do not state a cognizable legal theory and/or fail to sufficiently state facts in support of these claims.

//

//

### A. Plaintiffs Lack Standing to Bring Claims on Behalf of Their Daughter

A plaintiff must demonstrate standing separately for each form of relief sought. Friends of the Earth, Inc. V. Laidlaw Envtl. Servs. Inc., 528 U.S. 167, 180-81 (2000). "[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Plaintiffs here lack standing to bring any claims *pro se* on behalf of their daughter H.X. without licensed counsel. Accordingly, causes I, III, V, and VI pertaining to H.X. are dismissed.

### B. Defendants Are Entitled to Immunity

#### 1. The District is entitled to immunity under the Eleventh Amendment

"Agencies of the state are immune from damages or suits for injunctive relief brought in federal court." Mitchell v. L.A. Cnty. College Dist., 861 F.2d 198, 201 (9th Cir. 1988); Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992). Congress can abrogate this immunity through its express intent in the language of a specific statute or by the state's own waiver of immunity and consent to be in federal court. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985) (abrogated on other grounds by Rehabilitation Act Amendments of 1986, Pub. L. No. 99-506, § 1003, 100 Stat. 1807; cf. Coleman v. Cal. Dep't of Corr. & Rehab., 2009 U.S. Dist. LEXIS 131038, *12 (C.D. Cal. Feb. 2, 2009).

Therefore, in the present case, the District, as a political subdivision of the State of California, is entitled to immunity under the Eleventh Amendment against all claims brought against it in federal court because Congress has not expressly abrogated such immunity, and the District has not consented to this lawsuit. With the exception of the Plaintiffs' Title VI claim (a statute under which Congress did expressly abrogate immunity), Atascadero, 473 U.S. at 238, all other claims against the District must be dismissed on the basis of Eleventh Amendment immunity.

#### 2. Drenick is entitled to absolute and qualified immunity

Prosecutorial immunity exists to protect government officials against unwarranted liability and demands of defending a lawsuit. Siegert v. Gilley, 500 U.S. 266, 231-33 (1991). Absolute immunity extends to acts associated with the judicial phase of the criminal process

6

or that move a case through the judicial process. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). A prosecutor who acts within the scope of her duties in initiating and pursuing a criminal prosecution and in presenting the State's case is absolutely immune from a suit for damages under 42 U.S.C. § 1983. Id. at 420.

California state law extends the same absolute immunity to prosecutors initiating or prosecuting a judicial or administrative proceeding. Cal. Gov't Code § 821.6. Consistent with federal law, § 821.6 is to be construed broadly as to further its purpose to protect public employees in the performance of their prosecutorial duties from threat of harassment through civil lawsuits. Strong v. State of Cal., 201. Cal. App. 4th 1439, 1461 (Ct. App. 2011). Drenick is immuned in the present case because she was performing her duties as an Alameda County Deputy District Attorney.

Drenick is also entitled to qualified immunity. Unless she "knew or reasonably should have known that the action [s]he took within h[er] sphere of official responsibility would violate the constitutional right of the [P]laintiff, or if [s]he took the action with the malicious intention to cause a deprivation of constitutional rights," a government official sued individually within the scope of her office is entitled to qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). In this action, Plaintiffs have not demonstrated that the truancy law under which they were prosecuted (Cal. Educ. Code § 48293) is unconstitutional, nor have they sufficiently pleaded that Drenick's initiation and prosecution of the truancy action was in bad faith, which might conceivably support a claim for violation of constitutional due process rights.

### C. Plaintiffs' State Law Claims Must be Dismissed Due to Failure to Exhaust Administrative Remedies

A complainant seeking compensation from a public agency for injury to person or personal property is required under California law to present a written claim to the public agency within six months of the cause(s) of action for which the complainant seeks redress before initiating any civil action. See Gov't Code §§ 905, 910, 911.2, and 915; see also State v. Superior Court ("Bodde"), 32 Cal. 4th 1234, 1239 (2004). Failure to timely do so (and plead accordingly) bars complaints for damages against the public agency. See Gov't Code

§ 945.4; Bodde, 32 Cal. 4th at 1239; Karim-Pandhi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiffs do not allege administrative exhaustion, and so their state law personal injury claims (as enumerated in Section I, *supra*, p. 3-4) are barred.

### D. Plaintiffs Bring Various Causes of Action for Which There Is No Civil Remedy or for Which Specific Statutory Immunities Apply

Although Plaintiffs assert many causes of action through various federal criminal statutes and California Penal Code provisions, no private right of action exists to enforce a criminal statutory provision. See Rosales v. City of L.A., 82 Cal. App. 4th 419 (2000); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Alexander v. Sandoval, 532 U.S. 275, 286-88 (2001). Accordingly, the following causes of action must be dismissed because they provide no civil remedy or are explicitly barred by statutory immunities:

1. Discrimination Under Cal. Penal Code § 422.6 (criminal statute)
2. False Imprisonment Under Cal. Penal Code §§ 236 and 236.1(d) (criminal statute)
3. Assault and Battery under Cal. Penal Code §§ 243.4(e)(1), 273(g), 266j, 288, 288.3, 647.6, and 11165.1 (criminal statutes)
4. Kidnapping and Child Abduction Under Cal. Penal Code §§ 207, 209, 278.5, and 278.6; 18 U.S.C. §§ 1201, 1203, 1204 (criminal statutes)
5. Color of Law Under 18 U.S.C. § 242 (criminal statute)
6. Perjury and Subornation of Perjury Under 18 U.S.C §§ 1621, 1622, 1623, Evidence §§ 403, 1400, and 1401 and Penal Code § 118 (criminal statutes)
7. Harrassment Under 47 U.S.C. § 223 (criminal statute)
8. "Oppression, Fraud, Malice" Under Cal. Civil Code § 3294. See Brown v. Adidas Int., 938 F. Supp. 2d 628, 635 (S.D. Cal. 1996) (not a cause of action).
9. Defamation Under Cal. Civil Code Sections 44, 45, 45(a), and 46. See Cal. Gov't Code § 818.6 (public entity immunity for misrepresentations of public entity employees)
10. Conspiracy Under 18 U.S.C. § 241 or Cal. Penal Code § 182 (criminal statutes)
11. Intentional Infliction of Emotional Distress Under Cal. Civil Code §§ 52.1, 1708, 1714. See Lewis v. City & Cnty. of San Francisco, No. C-11-5273, 2012 WL 909801, at *2 (N.D. Cal. Mar. 16, 2012) (no liability for public entities)
12. Extortion Under Cal. Penal Code §§ 518-24 (criminal statutes)
13. Interference of Academic Freedom Under Cal. Penal Code § 422.4 (criminal statute)

To the extent that this Court construes the above claims as asserting their common law intentional tort equivalents (e.g., assault, false imprisonment), Plaintiffs still fail to state a claim because they key allegations state that <u>other students</u> committed various acts intruding on H.X.'s physical integrity, and that the teachers failed to adequately respond. That does not state a claim for any intentional tort by the adult defendants.

### E. Plaintiffs Fail to State Sufficient Facts for Which Relief May Be Granted

#### 1. Discrimination and retaliation

Plaintiffs' claims of discrimination and retaliation under (i) Title VI; (ii) Article 1, section 31(a) of the California Constitution; and (iii) California Education Code section 234.1 must be dismissed for failure to state sufficient facts for which relief may be granted.

##### i. Title VI

Under Title VI, "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To establish a discrimination case under Title VI, a plaintiff must establish the following elements: (1) that she is a member of a protected class; (2) that she met the school's legitimate education expectations; (3) that the school engaged in an adverse education action against her; and (4) that she incurred worse treatment than those of similarly situated students not in her protected class. See Brewer v. Bd. of Trs. of Univ. of Ill., 479 F.3d 908, 921 (7th Cir. 2007) (applying the framework of Title VII employment discrimination classes to test student's claims of discrimination under Title VI).

Plaintiffs fail to establish both that H.X. met the District's legitimate education expectations (e.g., attendance and academic performance) and that their daughter was discriminated against <u>based on</u> her race and ethnicity.

##### ii. California Constitution

Under Article 1, Section 31(a), of the California Constitution, the "State shall not discriminate against, or grant preferential treatment to, any individual group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public

9

education, or public contracting." Cal. Const. art. I, § 31(a). In the present matter, Plaintiffs have failed to sufficiently allege discrimination <u>based on</u> race and ethnicity.

### iii. California Education Code

California Education Code Section 234.1 directs the Department of Education to monitor local education agencies, ensuring the adoption of appropriate anti-discrimination, harassment, intimidation, and bullying policies and investigatory procedures to review complaints. Cal. Educ. Code § 234.1. The Code does not describe any protection against retaliation. The Court therefore dismisses the Section 234.1 retaliation claim.

### 2. Battery and assault

California Penal Code section 11165.3 only provides the definitions of assault and battery: the "willful harming or injury of a child or the endangering of the person or health of a child). Cal. Penal Code § 11165. But Plaintiffs do not assert that the District staff engaged in physical force against H.X.; rather, they allege that the physical violence was committed by three male students. Compl. ¶¶ 9, 16, 40. Likewise, the Civil Code section 1708.5 (sexual battery) claim fails because Plaintiffs allege that the other children–not these Defendants–sexually assaulted H.X. Plaintiffs' assault and battery claim under Title 10, section 920, of the United States Code relates to military law and is not applicable to public school districts such as the District. <u>See</u> 10. U.S.C. § 920.

### 3. Kidnapping and child abduction under Civil Code § 49

California Civil Code section 49 provides in relevant part that the "rights of personal relations forbid: (a) the abduction or enticement of a child from a parent or from a guardian entitled to its custody." The allegation that a prosecutor instituted truancy proceedings against a child does not state a claim for child abduction.

### 4. False information and hoax under 18 U.S.C. § 1038

Plaintiffs assert that District committed hoax by submitting false materials to the court. Compl. ¶ 41. Section 1038 authorizes "criminal and civil penalties when a person provides false information or conducts a hoax with respect to crimes . . . [of a particular military or defense nature]." However, section 1038 is limited to hoaxes regarding a narrow

10

range of military and infrastructure-related threats, see Cohen v. Nevada, No. 07-cv-00043-LRH (VPC), 2007 WL 4458174, at *2 n.2 (D. Nev. Dec. 13, 2007), and so is inapplicable to the allegations in the present matter.

### 5. Defamation

In addition to the statutory public entity immunity for misrepresentations described above, the District is entitled to a litigation privilege under Civil Code section 47. Plaintiffs allege that District and Drenick defamed Plaintiffs by filing complaints that triggered public judicial proceedings regarding H.X.'s truancy from school. Compl. ¶¶ 17, 64. Because these documents and statements were filed in a judicial or quasi-judicial setting, they are protected by the litigation privilege. Cal. Civ. Code § 47.

### F. The District's Motion to Strike Is GRANTED

As a matter of law in California, a plaintiff who alleges injury caused by a public entity may only be entitled to actual damages for that injury, not punitive damages, Doe v. Cnty. of San Mateo, 2008 WL 5245889, *7 (N.D. Cal Dec. 17, 2008). The District's Motion to Strike is therefore be GRANTED and Plaintiffs may not re-plead punitive damages against the District.

## IV. CONCLUSION

For the aforementioned reasons, the Court GRANTS both Defendants' Motions to Dismiss but permits Plaintiffs leave to amend in a manner consistent with this opinion, except Plaintiffs may not replead punitive damages against the District. If Plaintiffs wish to submit an amended pleading, they must do so by **5:00 p.m. on December 20, 2012**. Failure to submit an amended pleading by that date may result in dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Dated: November 19, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE