1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    JIANJUN XIE, et al.,                    No. C 12-02950 CRB

12              Plaintiffs,              **ORDER GRANTING MOTIONS TO**
                                         **DISMISS**
13       v.

14    OAKLAND UNIFIED SCHOOL
      DISTRICT, et al.,
15
                Defendants.
16    _____/

17

18         This case, before the Court on two motions to dismiss, alleges a violation of Title VI

19    by the Defendants Oakland Unified School District (the "District") and Teresa Drenick, an

20    Alameda County deputy district attorney.  Plaintiffs allege that their daughter was mistreated

21    by District staff, ostensibly because of her race, and that they themselves were wrongfully

22    prosecuted for violating California's truancy law.  This Court previously dismissed

23    Plaintiffs' initial complaint, which alleged thirteen mostly inapplicable claims.  Plaintiffs

24    have filed a First Amended Complaint, and both Defendants move to dismiss under Rule

25    12(b)(6).  The District also moves to strike portions of the FAC pertaining to punitive

26    damages and criminal statutes.  The Court hereby GRANTS Defendants' motions to dismiss

27    the case with prejudice.

28    / /

United States District Court
For the Northern District of California

1    **I.      BACKGROUND**

2          Plaintiffs Jianjun Xie and Dantao Su are the parents of H.X., a six or seven year old

3    girl during the period relevant to the allegations in this case.  FAC (dkt. 39) ¶¶ 3-5.  H.X. is

4    ethnically Chinese and her primary language is Mandarin.  Id. ¶ 16.  Plaintiffs allege that the

5    District "unlawfully, willfully, wantonly and maliciously subjected [H.X.] to brutal and

6    inhumane racial and ethnic bullying, battery, threat, intimidation, humiliation, harassment,

7    interference with and oppression by [the District's] school staff members, administrators and

8    students," id. ¶ 17, on account of H.X.'s race, id. ¶ 18.

9          Plaintiffs' amended complaint states that District personnel "forcibly transferred"

10   H.X. from one elementary school to another, "forced plaintiffs to homeschool" H.X., falsely

11   accused H.X. of stealing textbooks, and did not adequately respond to an alleged sexual

12   assault of H.X. by three male students.  Id. ¶ 19.  Plaintiffs allege that a school principal

13   imposed "unlawful and wrongful restriction of the personal liberty of plaintiff Dantao Su" in

14   response to her complaints about her daughter's treatment, but do not provide details

15   regarding this incident.  Id.

16         Plaintiffs further allege that a District employee falsely accused Plaintiffs and H.X. of

17   violating California truancy statutes, leading Defendant Drenick, a deputy district attorney

18   for Alameda County, to bring charges against Plaintiffs that she knew to be false.  Id. ¶¶ 21-

19   23.  Plaintiffs accuse Drenick of intentionally misspelling Plaintiffs' names on the truancy

20   complaints, suborning perjury, and initiating the "false truancy actions" for the purpose of

21   making H.X. available to the District for further mistreatment.  Id. ¶¶ 23-24, 26-27.  Plaintiff

22   Dantao Su was found to be in violation of California Education Code section 48293 (failure

23   to cause a pupil under her control to attend school) and ordered to pay a $100 fine, which

24   would be set aside if H.X. attended school for the 2012-2013 school year.  Drenick Mot. Exs.

25   A, B (dkt. 41-2) (amended truancy complaint and minute order).[1]  The truancy complaint

26   / /

27   ─────────────────────

28         [1] Drenick requests judicial notice of the truancy complaint and minute order as an attachment
to her Motion to Dismiss.  Judicial notice is appropriate for public records whose accuracy is not in
dispute.  See Fed. R. Evid. 201(b)-(d).

**United States District Court**
For the Northern District of California

1    against Plaintiff Jianjun Xie was dismissed after a court interpreter refused to continue

2    working with him due to a disagreement.  Id. Ex. B.

3        Finally, Plaintiffs allege that Drenick and the District conspired with a court security

4    officer, Oakland police officers, and Alameda County Child Protection Services social

5    workers to batter and kidnap Plaintiffs and kidnap H.X.  FAC ¶ 29.

6        Plaintiffs' initial Complaint, filed in June 2012, included thirteen claims under a

7    variety of state and federal statutes.  Compl. (dkt. 1).  After both Defendants moved to

8    dismiss, the Court dismissed all claims for reasons including: Plaintiffs' inability to bring a

9    pro se claim on behalf of their minor daughter; sovereign, statutory, prosecutorial, and

10   qualified immunities; failure to exhaust administrative remedies; attempting to bring claims

11   under criminal statutes with no civil remedy; and failure to adequately plead racial

12   discrimination.  See generally Order Granting Mots. to Dismiss (dkt. 37) ("Order").  The

13   Court granted Plaintiffs leave to amend, but instructed Plaintiffs that under the Eleventh

14   Amendment the only claim cognizable against the District would be the Title VI claim, and

15   that they could not seek punitive damages against the District.  Id. at 6, 11.

16       Plaintiffs' First Amended Complaint purports to bring only a Title VI claim, but

17   continues to seek damages on behalf of H.X. and continues to seek punitive damages against

18   both Defendants.  FAC ¶¶ 4-5, 35.  Both Defendants move to dismiss, and the District moves

19   to strike the Plaintiffs' request for punitive damages and references to criminal statutes.

20   Drenick Mot. (dkt. 41); District Mot. to Dismiss (dkts. 42, 43); District Mot. to Strike (dkt.

21   44).

22   **II.    LEGAL STANDARD**

23       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims

24   alleged in a complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

25   "Detailed factual allegations" are not required, but the Rule does call for sufficient factual

26   matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v.

27   Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555,

28   570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

1    allows the court to draw the reasonable inference that the defendant is liable for the

2    misconduct alleged." Id.  In determining facial plausibility, whether a complaint states a

3    plausible claim is a "context-specific task that requires the reviewing court to draw on its

4    judicial experience and common sense." Id. at 679.  Allegations of material fact are taken as

5    true and construed in the light most favorable to the non-moving party. Cahill v. Liberty

6    Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

7        A complaint should not be dismissed without leave to amend unless it is clear that the

8    claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th

9    Cir. 2007).

10       **III.    DISCUSSION**

11       Plaintiffs' claims fail for a number of reasons.  First, Plaintiffs cannot bring claims on

12   behalf of their minor daughter pro se.  Second, the FAC fails to adequately plead a Title VI

13   claim, which Plaintiffs assert is their only claim here, because it does not plausibly allege

14   racial discrimination.  Further, although the FAC refers to § 1983 and alleges denial of due

15   process, it does not include sufficient facts to state a claim on that basis.  The Court therefore

16   GRANTS Defendants' Motions to Dismiss.

17       **A.    Plaintiffs Cannot Bring Claims on Behalf of Their Daughter Pro Se**

18       "[A] parent or guardian cannot bring an action on behalf of a minor child without

19   retaining a lawyer." Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

20   Plaintiffs here cannot bring any claims on behalf of their daughter H.X. without licensed

21   counsel. See id.  This Court previously dismissed all claims brought on behalf of H.X.

22   Order at 6.  Plaintiffs nevertheless specifically assert their right to bring such claims, FAC

23   ¶¶ 4-5, and continue to plead various allegations of harm to H.X.  FAC ¶¶ 9, 10, 13-19, 21-

24   23, 26, 29-35.

25       Plaintiffs argue that Defendants "assumed that plaintiffs have the standing to bring a

26   civil action on behalf of their daughter . . . by imputing to plaintiffs an alleged but

27   nonexistent truancy behavior of plaintiffs' daughter." Opp'n (dkt. 46) at 11-12.  This

28   argument, which appears to be premised on principles of estoppel or waiver, is not

**United States District Court**
For the Northern District of California

4

United States District Court
For the Northern District of California

persuasive because the holding in <u>Johns</u> rests at least in part on protecting the child from potentially prejudicial effects of inadequate legal representation.  <u>Johns</u>, 114 F.3d at 877. Plaintiffs' inability to represent their daughter <u>pro se</u> is not based on any right of Defendants that might be limited or waived by Defendants' conduct in state court.  Even if, as alleged, Defendants allowed Plaintiffs to defend H.X.'s interests in state court, that would not justify a diminution of the protection to which H.X. is entitled in this Court.  The Court therefore dismisses all claims purportedly brought on behalf of H.X.

The Ninth Circuit cautioned in <u>Johns</u> that when a parent improperly attempts to assert a child's claim <u>pro se</u>, the claim should be dismissed without prejudice, because the parent's procedural missteps should not serve to extinguish the child's legal rights.  <u>Johns</u>, 114 F.3d at 877.  H.X. may therefore bring any claims she might have through a qualified representative, next friend, or duly appointed guardian <u>ad litem</u>, <u>with the assistance of licensed counsel</u>.  <u>See id.</u>; Fed. R. Civ. P. 17(c).  However, she should do so by filing a separate action.  The Court denies Plaintiffs leave to further amend their present Complaint as to these claims, and will not entertain further efforts by Plaintiffs to sue <u>pro se</u> on behalf of H.X.

## B.      Plaintiffs Do Not State a Plausible Title VI Discrimination Claim

Under Title VI, "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  "To state a claim for damages under [Title VI] a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance."[2]  <u>Fobbs v. Holy Cross Health Sys. Corp.</u>, 29 F.3d 1439, 1447 (9th Cir. 1994), <u>overruled in part on other grounds by</u> <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131 (9th Cir. 2001); <u>see also</u> <u>Monteiro v. Tempe Union High Sch. Dist.</u>, 158 F.3d 1022, 1026 (9th Cir. 1998) (citing <u>Fobbs</u> in the context of educational

---

[2] Plaintiffs allege that "[t]he Department of Education extends financial assistance to educational programs and activities,"  FAC ¶ 11, but do not allege that the District specifically receives federal funding.  Because Plaintiffs fail to adequately plead discrimination, the Court need not decide whether the FAC satisfies the requirement that "a plaintiff must allege that . . . the entity involved is receiving federal financial assistance."  <u>See</u> <u>Fobbs</u>, 29 F.3d at 1447.

**United States District Court**
For the Northern District of California

discrimination).  The FAC fails to include factual allegations supporting a plausible claim of discrimination.

### 1.    Plaintiffs Fail to Adequately Plead Racial Discrimination

Plaintiffs fail to plead sufficient facts to support a plausible claim that any alleged mistreatment was the result of racial discrimination.  See Iqbal, 556 U.S. at 678.  The FAC recites the elements of racial discrimination set forth in this Court's previous Order,[3] FAC ¶ 16, but "a formulaic recitation of the elements of a cause of action will not do" to state a plausible claim.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Instead, a complaint must include sufficient factual allegations to support its legal conclusions.  Id.

The FAC adequately alleges that H.X. is a member of a protected class based on her "Chinese racial and ethnic background," and it is reasonable to infer that as her parents, one or both Plaintiffs are members of the same class.  FAC ¶ 16.  The FAC also includes allegations of adverse action by District employees against H.X., including forced transfer of schools, forced homeschooling, bullying by staff members, and a false accusation of theft.  FAC ¶ 19.  However, the Court need not determine whether these allegations reach the requisite level of particularity, nor whether Plaintiffs can plead a claim on their own behalf[4]

---

[3] The Court's previous Order set forth the elements of a prima facie case for indirect proof of discrimination, stating that a plaintiff must establish: "(1) that she is a member of a protected class; (2) that she met the school's legitimate education expectations; (3) that the school engaged in an adverse education action against her; and (4) that she incurred worse treatment than those of similarly situated students not in her protected class."  Order at 9 (citing Brewer v. Bd. of Trs. of Univ. of Ill., 479 F.3d 908, 921 (7th Cir. 2007) (applying this test in the context of summary judgment)).  The Supreme Court has held that a plaintiff need not specifically plead these elements to survive a motion to dismiss.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510-12, 515 (2002).  The effect of Twombly and Iqbal on Swierkiewicz is complex and controversial, see, e.g., Starr v. Baca, 652 F.3d 1202, 1213-16 (9th Cir. 2011), but the holding that a plaintiff need not plead the elements of a prima facie discrimination case remains good law.  See United States v. Union Auto Sales, Inc., 490 Fed. App'x 847, 848 (9th Cir. 2012); Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012); Guidry v. Marine Eng'rs' Beneficial Ass'n, No. C 11-5347 CRB, 2012 WL 646302, at *5 (N.D. Cal. Feb. 28, 2012).  However, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."  Khalik, 671 F.3d at 1192.

[4] The District cites district court opinions from outside this circuit for the proposition that Plaintiffs do not have standing to bring a Title VI education discrimination claim on their own behalf because only students, and not parents, are the intended beneficiaries of federal funding for schools.  District Mot. to Dismiss at 4 (citing, e.g., HB v. Monroe Woodbury Cent. Sch. Dist., No. 11-CV-5881, 2012 WL 4477552, at *18 (S.D.N.Y. Sept. 27, 2012)).  The Ninth Circuit, however, has held that "[t]here is no requirement that [a] plaintiff plead that he was an intended beneficiary of

**United States District Court**
For the Northern District of California

1  for harms they allegedly suffered as a result of adverse actions against H.X., see FAC ¶¶ 32-

2  34, because the FAC fails to allege facts supporting its conclusion that H.X. suffered adverse

3  treatment "on account of [her] race and ethnicity."  FAC ¶ 15.

4        Such facts might include allegations of overtly racially-motivated misconduct, such as

5  the use of racial slurs, which the FAC does not allege. Cf. Monteiro, 158 F.3d at 1032.  A

6  plaintiff could allege that other members of the protected class suffered similar mistreatment,

7  but the FAC does not discuss the treatment of other ethnically Chinese students.  Cf. id.

8  Conversely, a plaintiff could allege facts showing that she was treated less favorably than

9  similarly situated students who were not members of the protected class.  See Beck v. United

10 Food & Commercial Workers Union, Local 99, 506 F.3d 874, 882 (9th Cir. 2007) (Title VII

11 discrimination).  The FAC includes the conclusory statement that H.X. "incurred worse

12 treatment than those of similarly situated students not in her protected racial and ethnic

13 class," FAC ¶ 16, but alleges no facts regarding the actual treatment of any other students nor

14 facts establishing that other students were actually similarly situated.

15       The Court's previous Order suggested that Plaintiffs could show that H.X. met the

16 District's legitimate expectations, thus perhaps supporting an inference that any adverse

17 treatment stemmed from improper motives, by pleading facts describing H.X.'s attendance

18 and academic performance.  Order at 9.  The FAC recites that H.X. "met the school's

19 legitimate education expectations," but alleges no facts regarding her attendance or

20 performance, or otherwise supporting that conclusion in any way.  FAC ¶ 16.

21       The FAC provides no factual allegations that support its repeated conclusory claims

22 that H.X.'s alleged mistreatment was on account of her race.  See FAC ¶¶ 15-19, 21, 23, 26,

23 32.  Because mere "labels and conclusions . . . will not do," the Court GRANTS Defendants'

24 Motions to Dismiss.  See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

25 / /

26

27 the federally funded program" to state a Title VI claim.  Fobbs, 29 F.3d at 1447.  Because Plaintiffs
   have failed to plead sufficient facts to state a claim, the Court need not reach the issue of whether a
28 student's parent can ever plead a Title VI claim for education discrimination on the parent's own
   behalf.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 2.   Plaintiffs Confirmed at the Motions Hearing That Amendment Would Be Futile

"Dismissal without leave to amend is proper only if 'it is clear . . . that the complaint could not be saved by any amendment.'" McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc., 339 F.3d 1087, 1090 (9th Cir. 2003) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001). Although Plaintiffs have already amended their Complaint once in response to an Order of this Court, the Court granted Plaintiffs an opportunity at oral argument on March 1, 2013 to explain whether they could allege any additional facts not included in the FAC. Plaintiffs stated that they had no additional facts pertaining to racial discrimination that were not included in the FAC. The Court therefore dismisses the case with prejudice because amendment would be futile. See Swartz, 476 F.3d at 760.

### C.   Plaintiffs Fail to Adequately Plead Any Other Plausible Claims

Plaintiffs appear to limit the FAC to an overarching Title VI claim, which encompasses all of the various misconduct that they allege. See FAC at 1 (captioned as a complaint for damages under Title VI); id. at 3 (describing the only cause of action as for "discrimination in violation of Title VI"); Opp'n at 2 ("All acts of violation by defendants are subsumed under violation of Title VI . . . . The cause of action plaintiffs pursue against defendants in the first amended complaint is discrimination in violation of Title VI . . . ."). As discussed above, the FAC fails to adequately plead a Title VI claim. However, construing the FAC liberally in light of Plaintiffs' pro se status, the Court considers whether the FAC states any other claims. See Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The FAC invokes 42 U.S.C. § 1983, apparently as a basis for bringing the Title VI claim. FAC ¶ 13; see Opp'n at 3-4. The FAC also alleges that Drenick[5] violated Plaintiffs'

//

//

---

[5] The Court only considers other possible claims against Drenick, because the District is immune under the Eleventh Amendment to § 1983 claims. See Order at 6; Quern v. Jordan, 440 U.S. 332, 341 (1979); Belanger v. Medera Unified Sch. Dist., 963 F.2d 248, 250-51, 254 (9th Cir. 1992) (school districts in California are state agencies for the purposes of the Eleventh Amendment).

United States District Court
For the Northern District of California

constitutional right to due process.  <u>E.g.</u>, FAC ¶¶ 25, 29.[6]  Drenick has absolute prosecutorial immunity for actions in her role as an advocate, although that does not encompass her affirmation of the sworn truancy complaint.  However, Plaintiffs fail to plead sufficient facts to support a plausible claim against Drenick.

> **1.     Drenick Has Absolute Prosecutorial Immunity for Actions Within the Scope of Her Prosecutorial Duty, but Only Qualified Immunity for the Truancy Complaint**

As stated in the Court's previous Order, prosecutorial immunity exists to protect government officials against unwarranted liability and demands of defending a lawsuit.  Order at 6-7; <u>Siegert v. Gilley</u>, 500 U.S. 266, 231-33 (1991).  Absolute immunity extends to acts associated with the judicial phase of the criminal process that move a case through the judicial process.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976).  A prosecutor who acts within the scope of her duties in initiating and pursuing a criminal prosecution and in presenting the State's case is absolutely immune from a suit for damages under 42 U.S.C. § 1983.  <u>Id.</u> at 420.  However, a prosecutor who acts as a witness rather than as an advocate is not entitled to absolute immunity.  <u>Kalina v. Fletcher</u>, 522 U.S. 118, 130-31 (1997).

Drenick and Plaintiffs both cite <u>Kalina</u> for their arguments in this case.  Opp'n at 7-8;[7] Drenick Reply (dkt. 48) at 3.  In <u>Kalina</u>, the Supreme Court held that a prosecutor was entitled to absolute immunity for filing an unsworn criminal information and an unsworn arrest warrant.  <u>Kalina</u>, 522 U.S. at 120-21, 130-31.  However, the Supreme Court affirmed the Ninth Circuit's holding that the prosecutor did not have absolute immunity for signing a sworn "Certification for Determination of Probable Cause" to support the arrest warrant.  <u>Id.</u> at 121, 130-31.  Plaintiffs claim that <u>Kalina</u> serves to deny Drenick absolute immunity,

---

[6] The FAC also alleges a violation of Plaintiffs' Sixth Amendment right to a jury trial.  FAC ¶ 28.  The California truancy law that Plaintiffs were charged under is an infraction, and falls within the scope of petty offenses that do not require a jury trial.  <u>See</u> Cal. Educ. Code § 48293(a) (authorizing a maximum penalty of $100 for a first offense, $250 for a second offense, and $500 for a third or subsequent offense); <u>United States v. Clavette</u>, 135 F.3d 1308 (9th Cir. 1998) (holding that an offense carrying a maximum penalty of six months in jail and a $25,000 fine was not sufficiently serious to trigger the Sixth Amendment guarantee of a jury trial).

[7] Plaintiffs actually cite the Ninth Circuit's <u>Kalina</u> opinion, 93 F.3d 653 (1997), which the Supreme Court affirmed, although parts of Plaintiffs' Opposition quote the Supreme Court <u>Kalina</u> opinion without attribution.  <u>See</u> Opp'n at 7; <u>Kalina</u>, 522 U.S. at 130-31.

United States District Court
For the Northern District of California

1   because they allege that Drenick "knowingly swore under oath to to false statements of fact

2   in the information [sic]."  FAC ¶ 22; Opp'n at 7.  Drenick argues <u>Kalina</u> supports her claim

3   to immunity, because the truancy complaint she filed is similar to the criminal information

4   that the Supreme Court held to be within the scope of the prosecutor's immunity.  Drenick

5   Reply at 3.

6          The primary difference between the criminal information in <u>Kalina</u> and the truancy

7   complaint in this case is that the <u>Kalina</u> information was unsworn.  <u>Kalina</u>, 522 U.S. at 121.

8   Drenick asserts that "Plaintiffs have alleged no facts in the FAC establishing that Defendant

9   Drenick submitted a sworn affidavit attesting to facts which led to Plaintiffs' arrest or that

10  she otherwise testified under oath as a witness in the Truancy Action," Drenick Reply at 3,

11  but the FAC does assert that Drenick submitted factual allegations under oath in the

12  "information," which almost certainly refers to the truancy complaint.  FAC ¶ 2.  The truancy

13  complaint itself, which Drenick requests judicial notice of, appears to settle the issue: "The

14  Undersigned [Drenick], <u>being sworn</u>, says, on Information and belief, that JIANJUN XIE

15  and DANATO [sic] SU [engaged in the elements of the California truancy law]."  Drenick

16  Mot. Ex. A (emphasis added).  The truancy complaint also states that "Complainant therefore

17  prays that a warrant issue," and that it is "[s]ubscribed and sworn."  <u>Id.</u>  The truancy

18  complaint appears to serve as not only a charging document, but also a sworn affidavit in

19  support of a warrant, which the Supreme Court held to be outside the scope of absolute

20  immunity in <u>Kalina</u>.  <u>See</u> 522 U.S. at 130-31.

21         Drenick is therefore not protected by absolute immunity as to her sworn factual

22  assertions in the truancy complaint.  However, absolute immunity does apply to Drenick's

23  subsequent actions "performing the traditional functions of an advocate," <u>id.</u> at 131; <u>see, e.g.</u>,

24  FAC ¶ 24 (alleging that Drenick failed to follow a court order to correct the spelling of

25  Plaintiffs' names in the complaint); FAC ¶ 28 (alleging that Drenick suborned perjury "in the

26  / /

27  / /

28  / /

United States District Court
For the Northern District of California

1  advocatory stage of the false truancy actions"[8]).  Further, Drenick still retains qualified

2  immunity for the sworn truancy complaint and any other official acts outside of her role as an

3  advocate.  See Buckley v. Fitzsimmons, 509 U.S. 259, 273-74 (1993).

**2.  Plaintiffs Plead No Plausible Claims Against Drenick**

5  Although Drenick does not have absolute immunity for swearing to the factual

6  allegations of the truancy complaint, Plaintiffs do not plead sufficient facts to support a

7  plausible claim in connection with her sworn complaint.  Plaintiffs provide only the

8  conclusory statements that Drenick "gathered as evidence the School Attendance Board

9  records which she reasonably knew to [be] false," and that she "knowingly swore under oath

10  to false statements of fact in the information."  FAC ¶ 22.  The FAC conspicuously lacks any

11  claims as to what allegations in the truancy complaint were untrue, or why Drenick would or

12  should have known that the records she relied on were "false, forged, altered, falsified, [and]

13  fabricated."  See id.  The amended complaint's "'naked assertions' devoid of 'further factual

14  enhancement'" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (quoting Twombly,

15  550 U.S. at 557).[9]

16  Plaintiffs also allege that Drenick conspired with a court security officer to "batter[]

17  and kidnap[] plaintiffs by force," and later with Oakland police officers and Alameda County

[8] Although suborning perjury can fall outside the scope of absolute immunity if it occurs during investigation, prosecutorial immunity shields any alleged subornation of perjury if it is part of "the prosecutors' advocacy functions."  See Rose v. Bartle, 871 F.2d 331, 344 (3d Cir. 1989); see also Khanna v. State Bar of Cal., 505 F.2d 633, 646 (N.D. Cal. 2007) (citing Rose).  Because Plaintiffs explicitly allege that Drenick suborned perjury "in the advocatory stage" of the truancy case, FAC ¶ 28, absolute immunity applies.

[9] Because Plaintiffs fail to state a plausible claim for actionable prosecutorial misconduct, the Court need not reach Drenick's argument that such a claim is barred in this case by Heck v. Humphrey.  See Drenick Mot. at 5-6.  The Supreme Court held in Heck that a § 1983 plaintiff cannot seek to recover for "harm caused by actions whose unlawfulness would render a conviction . . . invalid" unless the conviction has already been invalidated on appropriate direct or collateral review.  512 U.S. 477, 486-87 (1994).  Applying Heck to this case would raise a number of questions not briefed by the parties, including: 1) whether Heck applies to state adjudications of infractions; 2) whether Drenick's alleged misconduct would "necessarily imply the invalidity of" Plaintiff Dantao Su's fine, see Heck, 512 U.S. at 487; 3) whether Heck applies where a § 1983 action began before the state court judgment was entered; and 4) even if Heck bars a claim by Plaintiff Dantao Su, whether Plaintiff Jianjun Xie (the truancy complaint against whom was dismissed because the court interpreter refused to work with him after a disagreement) would be barred from a claim that implicitly questioned the validity of a state adjudication affecting another person.

11

United States District Court
For the Northern District of California

1  Child Protective Services social workers to "kidnap[]" and unlawfully detain H.X.  FAC

2  ¶ 29.[10]  The FAC does not describe Drenick's role in the alleged conspiracy, and thus does

3  not plead sufficient facts to render this claim plausible.  See Iqbal, 556 U.S. at 677-78.

4        Because the FAC fails to include sufficient facts to support a plausible § 1983 claim

5  for damages as a result of misconduct by Drenick, the Court GRANTS Drenick's Motion to

6  Dismiss.  Plaintiffs stated at the motions hearing that they were not aware of any additional

7  facts not included in the FAC.  The Court does not grant Plaintiffs leave to amend, because

8  amendment would be futile without additional facts.  See Swartz, 476 F.3d at 760.

9        **D.**      **Motion to Strike**

10        The District moves to strike Plaintiffs' request for punitive damages and references to

11  criminal statutes.  The District correctly notes that its Motion to Strike is rendered moot if the

12  Court dismisses the FAC without leave to amend.  Mot. to Strike at 1 n.1.  The Motion to

13  Strike is moot, and the Court does not reach the District's arguments as to this motion.

14  **IV.**        **CONCLUSION**

15        For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss the

16  FAC.  As discussed above, further amendment would be futile.  The case is hereby

17  DISMISSED WITH PREJUDICE, except that prejudice does not apply to any claims

18  purportedly brought on behalf of H.X., which H.X. retains the right to bring in a separate

19  action if she is properly represented.

20        **IT IS SO ORDERED.**

21

22

23  Dated: March 4, 2013                   _____
                                 CHARLES  R. BREYER
24                                   UNITED STATES DISTRICT JUDGE

25

26

27

28        [10] None of these alleged coconspirators, except for Drenick and the District, are named as
defendants in the FAC.